IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01867-WYD-BNB

GILBERT DE WAYNE DAVIS,

Petitioner,

v.

CITIFINANCIAL AUTO CORPORATION,
f/k/a ARCADIA FINANCIAL LTD, and
CHASE HOME FINANCE LLC,

Respondents.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the petitioner's **Emergency Motion for an Immediate Temporary Restraining Order/Preliminary Injunction** (the "Motion for TRO"), filed September 26, 2005.[1] For the following reasons, I respectfully RECOMMEND that the Motion for TRO be DENIED and that this case be DISMISSED for lack of subject matter jurisdiction.

This case was commenced on September 25, 2005, by the filing of a petition captioned "28 U.S.C. § 1361, Fed. R. Civ. P. Rule 81 Petition for a Writ of Mandamus or Prohibition Directed to the United States Bankruptcy Court for the District of Colorado" (the "Petition").

---

[1] I am aware that 28 U.S.C. § 636(c)(1) does not confer authority on a magistrate judge to decide an appeal from the bankruptcy court. E.g, In re Elcona Homes Corp., 810 F.2d 136 (7th Cir. 1987). This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), however. *Order of Reference to Magistrate Judge*, issued September 27, 2005. Consequently, I am proceeding by recommendation only, and the final decision in this case is properly reserved for the district court judge. See Hall v. Vance, 887 F.2d 1041, 1046 (10th Cir. 1989) (holding that referral of bankruptcy appeal to magistrate judge for advisory purposes is proper).

The Petition alleges that on June 2, 2005, the petitioner sought relief under Chapter 7 of the Bankruptcy Code. *Petition*, p. 2. On July 14, 2005, the bankruptcy judge entered an order granting Chase Home Finance LLC relief from the automatic stay. Id. at p. 2; Exhibit 3. On August 24, 2005, the bankruptcy judge entered an order granting Citifinancial Auto Corporation, f/k/a Arcadia Financial LTD, relief from the automatic stay. Id. at p. 3; Exhibit 1. The petitioner appealed the order of July 14, 2005, to the Bankruptcy Appellate Panel ("BAP). Id. at p. 3; Exhibit 6, p. 2. The BAP dismissed the appeal as untimely. Id. at Exhibit 6, pp. 2-3. There is no indication that the petitioner sought review of the bankruptcy court's order of August 24, 2005.

The Petition seeks an order from this court vacating the bankruptcy court's orders of July 14 and August 24, 2005. The Motion for TRO seeks an order enjoining the enforcement of those orders.

As noted, the Petition purports to seek a writ of mandamus and/or prohibition. That relief is not available in this court. As the Tenth Circuit Court of Appeals stated in In re Kaiser Steel Corp., 911 F.2d 380 (10th Cir. 1990), extraordinary relief in the nature of mandamus and/or prohibition against a bankruptcy judge is not available in the district court, which instead may simply withdraw its reference. Id. at 836-37 (stating that "we hold that such a course [proceedings in the nature of mandamus] is merged into the statutory power to withdraw the reference" and noting that mandamus is not available where another remedy exists); see 28 U.S.C. § 157(d). A petition for a writ of mandamus and/or prohibition must be filed in the circuit court. Id.

On the other hand, if the petitioner actually is attempting to appeal the decisions of the bankruptcy court, the law allows a debtor to appeal final judgments, orders, and decrees and interlocutory orders and decrees of the bankruptcy court to either the district court or to the BAP. 28 U.S.C. §§ 158(a), (b), and (c)(1). Generally, and as applicable here, the notice of appeal must be filed within ten days of the date of the entry of the judgment, order, or decree appealed. Fed. R. Bankr. P. 8002(a).

The petitioner did appeal the bankruptcy court's order of July 14, 2005, and that appeal was heard and determined by the BAP. Appeals from final decisions, judgments, orders, and decrees of the BAP must be taken in the appropriate circuit court of appeal. 28 U.S.C. § 158(c)(2).

The materials filed here indicate that the petitioner did not appeal the bankruptcy court's order of August 24, 2005. Under Rule 8002, Fed. R. Bankr. P., the time for an appeal of that order has expired. Thus, to the extent the petitioner seeks to appeal in this court the bankruptcy court's order of August 24, 2005, the appeal is untimely.

I respectfully RECOMMEND that the Motion for TRO be DENIED and that this case be DISMISSED for lack of subject matter jurisdiction.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections

to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 29, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge