IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01867-WYD-BNB

GILBERT DE WAYNE DAVIS,

　　　Petitioner,

v.

CITIFINANCIAL AUTO CORPORATION,
fka ARCADIA FINANCIAL LTD, and
CHASE HOME FINANCE LLC,

　　　Respondents.

---

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**
_____

　　　This matter is before the Court on Petitioner's Emergency Motion for an Immediate Temporary Restraining Order/Preliminary Injunction, which was filed on September 26, 2005.  This matter was referred to Magistrate Judge Boyd N. Boland for a recommendation by Order of Reference dated September 27, 2005.  Magistrate Judge Boland issued a Recommendation on September 29, 2005, which is incorporated herein by reference.  See 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Boland recommends therein that "the Motion for TRO be denied and that this case be dismissed for lack of subject matter jurisdiction."  Recommendation at 1.  On October 4, 2005, Petitioner filed a timely Objection, which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter

is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Citifinancial Auto Corporation and Chase Home Finance, LLC filed Responses to Petitioner's Objections on October 13, 2005 and October 18, 2005, respectively. On October 21, 2005, Petitioner filed a Reply to Chase Home Finance, LLC's Response to Petitioner's Objection.

By way of background, I note that this case was commenced on September 26, 2005, when Petitioner filed a petition entitled "28 U.S.C. § 1361, Fed. R. Civ. P. Rule 81 Petition for Writ of Mandamus or Prohibition Directed to the United States Bankruptcy Court for the District of Colorado." As presented in his Petition, Petitioner sought relief under Chapter 7 of the Bankruptcy Code on June 2, 2005. On July 14, 2005, the bankruptcy judge entered relief from the automatic stay to Chase Home Finance LLC. On August 25, 2005, Citifinancial Auto Corporation was also granted relief from the automatic stay. Petitioner appealed the July 14, 2005 order to the Bankruptcy Appellate Panel ("BAP"), which dismissed the appeal as untimely on August 24, 2005. Petitioner did not appeal the grant of relief from the automatic stay to Citifinancial Auto Corporation. Petitioner now seeks relief from the July 14, 2005 and August 24, 2005 rulings of the bankruptcy court. His Motion for TRO asks this Court to enjoin enforcement of the relief from automatic stays.

I first consider Petitioner's writ of mandamus. To obtain such relief, "the party seeking issuance of the writ must 'have no other adequate means to attain the relief he desires.'" *In re Kaiser Steel Corp.*, 911 F.2d 380, 386 (10th Cir. 1990) (citing *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)). Further, "[t]he broad scope of

interlocutory appeal authorized by [28 U.S.C.] section 158(a) necessarily decreases the availability of the extraordinary writ. Consequently, mandamus is completely unavailable in most bankruptcy situations." *Id.* Here, other remedies, including appeal, were available to Petitioner, and I find that a writ of mandamus is not appropriate.

If Petitioner is actually appealing the decisions of the bankruptcy court, a notice of appeal must have been filed within ten days of the date of entry of the judgment, order, or decree appealed. Fed. R. Bankr. P. 8002(a). Petitioner cites to 28 U.S.C. § 158 in claiming that review by this Court of the bankruptcy court's decision is appropriate. While that statute does in fact confer district courts with jurisdiction to hear appeals, Petitioner failed to comply with the time lines and procedures required for such an appeal. Petitioner appealed the July 14, 2005 decision, which was denied by the BAP on August 25, 2005 as untimely. A further appeal of that decision must be taken to the appropriate circuit court of appeals. 28 U.S.C. § 158(c)(2). Thus, Petitioner may not appeal the BAP decision to this Court, and it must be denied. The bankruptcy court's August 24, 2005 order was not appealed by Petitioner, and the ten-day period for an appeal had expired nearly a month before Petitioner's Emergency Motion was filed. Consequently, an appeal is untimely and must be denied. Accordingly, it is

ORDERED that the Recommendation of September 29, 2005 is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that the Petitioner's Motion for an Immediate Temporary Restraining Order/Preliminary Injunction, filed September 26, 2005, is **DENIED**. it is

FURTHER ORDERED that the Petitioner's Writ of Mandamus, filed September 26, 2005, is **DENIED**, and the case is **DISMISSED** for lack of subject matter jurisdiction.

Dated: October 27, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge